Good morning. May it please the Court, I'm George Cappiello on behalf of the appellants Scott Kelly and John DeWald. The issue before this court is whether or not Starr Indemnity had a duty to defend Mr. Kelly and Mr. DeWald. The provision of a defense is perhaps maybe the most significant type of insurance coverage that directors and officers would seek in order to ensure that they have the insurance carrier to defend claims that might pull into officers and directors for for activities that they probably shouldn't have been pulled in to begin with sham or frivolous complaints. In this case the duty to defend analysis that's required and that the district court failed to really even explore requires looking at the policy and looking at the underlying complaint and determining whether there's potentiality of coverage. It's not about whether there's ultimately going to be coverage or ultimate indemnity it's just a matter of determining if there any potential way even by amendment the complaint would potentially fall into some type of coverage and in that sense, sorry, in that case the insurance company would be required to defend and that duty to defend would be ongoing until it's conclusively determined there is no duty to defend. May I ask you this counsel, don't the reissuer and other cases indicate that a misrepresentation can still act as a defense to an insurer's duty to defend even if formal rescission is unavailable? I don't agree that that's what reissuer calls for. I believe the rescission cases that are cited by Starr in this matter I don't believe are fully applicable here because all those cases what they have in common are that an actual declaratory relief action was was either brought or in a cross-complaint brought by the insurance company and that there were issues of facts ultimately determined by that and so if what your honor is asking is whether or not an affirmative defense is available then I believe that it would be but what we have here is issues of fact. We don't know and certainly the district court judge was not certain as to what Mr. DeWald understood the application questions to mean, what Mr. Brennan was was requesting when he was asking to be paid on promissory notes and because there are issues of fact this needs to be sent to it to a jury to determine and it cannot be just adjudicated on summary judgment. Did I answer your question your honor? Well in part what I'm concerned about is although the policy itself clearly limits the kind of relief that they could have the reality is if it were rescinded of an issue you have a you know they're the the underwriter I'll call him the underwriter indicated that she wouldn't have issued the policy on the terms had she known of the 2010 Brennan demand. Do you have any evidence to suggest that that is false is there anything to counter that because that's in the record and that suggests that hey you know this had been known there's no way this would have ever occurred was it countered? Right no but let me let me rephrase that Thompson v. Occidental the California Supreme Court stated that a trier of facts not required to believe any postmortem you know self-serving statement that something wouldn't have been written or not in affidavits for summary judgment. Well that I get that unless it's not countered and in this case well if I understand correctly what was said by the underwriter that she would simply not have written this policy had this disclosure been made I don't see you're saying well that's not true there's this and that and then that's a matter of material fact so if it's what she said is true there never would have been a policy in the first place and then you don't get to the issue you're talking about isn't that correct? Yeah but I I don't agree that they just don't get a policy out of an issue without some type of declaratory relief or or or some type of case being brought by the insurer and and the other thing to keep in mind here is that there's definitely a dispute as to what Starr believes was being asked and answered and to what Mr. Kelly I mean Mr. DeWald believed. I took some exception to Starr's respondents brief in that they continue to say that what was asked was if there was any claim made and that's not what these applications were asking was asking whether or not there was information of misstatements negligence errors acts or omissions that would lead and and the person answering would would think would reasonably believe to lead to a covered claim that means that there have to be some accusation of a wrongful act so it's almost like ships passing in the night you have an underwriter who's claiming we were asking for any type of demand for a monetary payment on a promissory note and you didn't give me that answer and on the other side you have well there was a request to pay a promissory note which is a contract claim and never covered under directors and officers policy so why would that ever lead to any covered claim for a wrongful act and certainly the other important thing to understand is that these individuals never backed any of these contracts there was no reason for them to individually believe they had any potential liability they got pulled in by the underlying claimant in an overbroad frivolous action let me ask you this it I get your point but let's just say we look at the the form that was filled out the checklist and based on that language we think I don't see anybody could have mistaken this and there's no response to it what do we do then and when you say no response you mean in what I mean is record they their underwriter put in a declaration indicating that she never would have underwritten this never would have been a policy you didn't say anything to the contrary so if I get your point that if if these are ships passing in the night then you're absolutely right then you need to have a duty to defend find out what it really means and so on and so on but if we look at this and we say oh this is really clear this is nobody could mistake this what do we do with that that's a great question and I feel like the California law under gray and Montrose chemical and their progeny is meant to create a proval active effect so that insurers don't just on a whim or in reading into facts make self-serving statements or conclusions and deny it a fence it's really important when these individuals needed it most and then come back later when they do get sued for a breach of contract and bad faith and then do their investigation and then make their their arguments as to why they may or may not have had a duty to defend if if the courts if the district courts decision is upheld I feel as though it's neutering the the important problematic effect that the state of California wanted to make sure to protect consumers and it's there to protect insurers as well because there are remedies available before we even got to here star could have brought its own declaratory relief action it could have sought remedies it could have sought remedies in court and had allocations provided for what was covered claims and not and it refused to do that and left our our clients to did you ask him to do it or you're just saying they that was not their problem they strategically decided not to do it there was multiple requests by mrs. Kelly and the wall to please please come and defend us all the way up until the ultimate policy so you're saying they you made the demand for that you know for them to cover your they in fact did agree to provide a defense and nothing has changed nothing had changed when they ultimately decided not to continue the defense so that the four corners of the complaint had a potential for coverage I don't think that's in dispute here and because of that there was a duty to defend and the court should should reverse and remand I'll reserve whatever okay minutes 35 seconds Wow okay good morning good morning your honors Michael Davison for star indemnity and liability company there there's at least four reasons this case is not covered the easiest path has already been identified by your honor till we stop there and and let me ask you how would Kelly respond to a conclusory statement made by an underwriter that says we wouldn't have written the policy how do they contest that issue well they could have cross-examined the underwriter on that issue when they took that underwriters deposition which they chose not to do for whatever reason they could have hired expert underwriting expert to come in and say that's not true but of course they didn't because no underwriter would have written this risk if they knew there was a four that would have been carved out the policy would not have been issued there's many things that could have been done but we did not get that opportunity to do that so to your point your honor you know the record is the record but I was I would if I were speculating which is kind of what you're asking me to do I would say it's not unfair because it's crystal it's crystal that nobody's gonna write this risk in the way they wrote it without complete information and that is material to the underwriter and it was material to the insured they act like this was not a big deal to them this this this huge demand and the threat of a lawsuit it was very material to them this is a two-person development company so the point your honor's point we can raise this as a defense we did raise it as a defense there's two cases the Campo and Barrera that allow us to raise it as a defense we do not have to bring an affirmative claim we can raise it as a firm of defense that's been settled in California for a long time and the question in the application asked for any circumstance that might lead to a claim but when you have a demand like the 2010 Brennan demand it's it's incomprehensible to anybody that that's not gonna that was a contractual that claim was it not I understand that argument your honor but again you know it's a the question asked not for is the claim covered the question asked for any potential claim that might lead to a claim and under that circumstance when you have a demand of that size in a small company it should have been disclosed because as we it depends upon the size but it but but but for 23 is big enough for anybody to disclose that certainly the underwriter determines materiality not the insured that was not attacked for whatever reason but the case law is clear that that the under it's the subjective view of the underwriter as the reasonably subjective view of the underwriter it can be attacked but was not attacked it is absolutely undisputed in this case that Pat Barrett who was the underwriter for this would not have written this policy had it been otherwise the fact that if the fact that it was a quote-unquote breach of contract we all know as any kind of investment scenario the the underwriter is looking to assess the risk reward and any kind of investment scenario this kind of claim frequently involves the 27 different claims that ultimately they made that all arise out of the same four promissory notes but even if that's not true your honor there's three other ways to deny this claim and defeat coverage the first is the Brennan claim was a claim made before this policy accepted this is a claim made in report reported policy this is not an occurrence policy only if the August demand was a claim only if the August man was a claim that's correct your honor in my view under the under the case law in California and particularly under the Abdefell case a claim is any demand this is a claim it is also defined in the policy as a written demand for money damages that's what this is so then a business across the country that get DNO insurance to cover their officers and directors who engage in commerce all the time and transactions you're saying that if there's any breach of contract default on a note that they should the insured should anticipate that there will be additional claims for that failure to pay I think that's realistic number one number two I think that it's it's up to them to disclose it so we know what we're writing and it's not unfair to ask them to disclose it which is why it's in the application and right below the application is language that makes it clear if you don't disclose the information you have it's not covered whether disclosed or not it's not like it's hidden it's in bold type in the application that this is required it's not unfair it's unfair to the underwriter because the underwriter is not getting a chance to evaluate the risk now now there's also two exclusions in the policy one of which is in the application that says all that's required is a failed false statement and a that and knowledge of that of that concealment they knew about the Brennan demand that's not disputed that they've never disputed that what's been disputed is their characterization of what it meant I think what I'm troubled about is that that you would ultimately win probably pretty clear under the exclusions if not before they're saying no you still have a duty to defend as long as there's any dispute any colorable way to get get from point A to point B I get the point about the rescission we talked about that before you say the second point is that this claim wasn't made timely because it was a claims made policy right correct so that's correct then on its face there's no coverage right correct and that would include the duty to defend correcture it was a current coverage available but they just didn't buy it no all the DNO policies are claims made and reported they all are they all are so I had a previous policy with another company ace and that was a claims made and reported I've been in this business for a long time and that's the nature of these of these insurance I know I know that they seem to be able to when I practice law here that what but for years the currents was the storm the norm but I think 20 years ago they changed it or do you know the DNO policy it's just showing my age your honor but the that the first DNO policy I handled was in 1985 the first in if you really want the history the first DNO policy was issued out of London and my firm represented that that that underwriter in a case involving bank number back farther than that okay but it's really long time I'm glad somebody's anyway so I graduated eighth grade these kids point I'm trying to make has been around for a long time and that's the form and claims made and reported in the Homestead case in California has been upheld as a perfectly acceptable way to limit your risk it's a short tail policy as opposed to a long tail policy meaning the and that's why it says claims made you make the claim and we thought it was a claim made policy we thought it was a claim made during the during the policy period when we first got the case that's just why we defended initially and then we got information that it would have been made before the policy and and they hired outside counsel and and it was communicated directly and clearly so your father is your prior claim a made argument based solely on this August 2010 email or is there evidence in the record of something else and does seem to me that there was some accommodation made subsequent to August between the parties out concerning that demand I'm writing of the obligation yeah I want to make sure I understand your honor what you're asking I compounded the question because I think the August 12 2010 written demand for $423,000 based on four promissory notes two of which were past due and a threat of to sue if they didn't get the money I think that is a claim made and then thereafter on November 17 2011 a year later there was a written demand made by Brennan's counsel on the insured which was after the and if that was it then we would have defended this claim your honor but but unfortunately for the insured that this other demand existed which look when you fair is fair right so when you talk about fair so we get the case we defend they send a ultimately after the I think it was April 17 2012 two years after the fact Brennan sends a draft complaint they pass the draft complaint on to us and at that time we see this problem about a prior claim made should have been tendered to their their other carrier which they had insurance I don't know why they didn't tender it to their other carrier but they didn't that was your first notice of the earlier demand was the face of the complaint that was sent right the first notice was a copy of a demand letter from Brennan's counsel second notice was the draft complaint that they were separated in time what's your best case indicating that the factual underpinning of this case that is the earlier demands and then the demand by counsel is sufficient to constitute a claim under a claims made policy I think probably the best case is is the Abdefell case your honor which I have cited in the brief and I give you the site if you would like it how do you spell that yeah I can't I'm not sure I'm pronouncing it properly to be honest let me if you don't mind me flipping through my papers here A B I F A D E L correct your honor that's correct and what okay Abdefell yeah here hang on one second it's a 8 Cal at 4th 145 that's correct thank you your honor at 160 that's where the court talks about the any other questions by my colleague thank you very much for your presentation all right counsel I have a brief time for rebuttal real quick your honor again counsel is is conflating claims made without including the most important aspect which it has to be a wrongful act it has to have alleged wrongful acts for it to be a claim well let's go directly to the rescission issue and whether or not that the record is sufficient to just conclude that there was it is void ab initio I'm not sure if I understand your question I'm sorry about that well the insurance company is saying that that the misrepresentation material misrepresentation constitutes a basis for rescission of the contract and I their answer was you could have deposed the underwriter well they were deposed and and again it's self-serving statements in an affidavit that were put in and not deposition testimony the and last real quick I'm sorry I'm out of time but the Abbey Fidel B Signa case at pinpoint 167 actually found that claims made against a bank and not the director specifically is not a claim as well as you know not holding or accusing the actual directors of any wrongful acts is not a claim okay thank you time's up but I would like you to answer one more question sure do you believe that any underwriter who knew the facts of this case would have written this policy yes you do I do you ever seen that done in a similar situation well these situations don't normally come up because usually the the insurance company provides a defense and then they deal with it in there in the way that that they're supposed to and and go for declaratory relief actions all right thank you thank you the case just argued is submitted we thank counsel for their argument
judges: M. Smith, Owens, Settle